NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-247

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 524184

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level two sex offender   Doe argues that in applying the factors set forth in 803 Code Mass. Regs. § 1.33 (2016), the hearing examiner abused his discretion by failing to explain adequately how the risk-aggravating factors outweighed the risk-mitigating factors.  We affirm.

Background.  Doe committed the governing sex offenses between 2013 and 2016.  On multiple occasions, Doe vaginally and orally raped his half-sister's stepdaughter (victim), who was between the ages of thirteen and sixteen at the time.  Based on

this conduct, Doe was convicted of two counts of rape and abuse of a child in violation of G. L. c. 265, § 23.

In 2019, SORB notified Doe of his duty to register as a level two sex offender in Massachusetts. After Doe challenged his classification, SORB held an evidentiary hearing, after which Doe was classified as a level two sex offender. Doe appealed his classification to the Superior Court pursuant to G. L. c. 30A, § 14, which affirmed the classification. On appeal from that judgment, a panel of this court concluded that SORB erred in applying factor 2 (repetitive and compulsive behavior), and its application of factor 16 (public place) "deserve[d] further scrutiny." Doe, Sex Offender Registry Bd. No. 524184 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 1124 (2022). The panel vacated the judgment and remanded the matter to SORB for further proceedings.

On remand, SORB held a de novo evidentiary hearing pursuant to G. L. c. 6, § 178L, at which Doe testified. In addition to Doe's testimony, the hearing examiner considered documentary evidence including Doe's criminal record, letters of support for Doe, and records pertaining to Doe's participation in sex offender treatment. In assessing the evidence, the hearing examiner applied high-risk factor 3 (adult offender with child victim) and risk-elevating factors 7 (extrafamilial relationship

2

between the offender and victim), 16 (public place), and 19 (level of physical contact). The hearing examiner considered risk-mitigating factors 28 (supervision by probation or parole), 30 (advanced age), 32 (sex offender treatment), 33 (home situation and support system), and 34 (materials submitted by sex offender regarding stability in community). The hearing examiner also considered factors 37 (other useful information) and 38 (victim impact statement). The hearing examiner found by clear and convincing evidence that Doe presents a moderate risk to reoffend as well as a moderate degree of dangerousness, and that a public safety interest is served by Internet publication of his registry information. Accordingly, the hearing examiner ordered Doe to register as a level two sex offender.

In March 2023, Doe challenged SORB's reclassification by filing an amended complaint for judicial review pursuant to G. L. c. 30A, § 14. Doe and SORB filed cross motions for judgment on the pleadings. A Superior Court judge denied Doe's motion and affirmed SORB's decision. Doe appeals from that judgment.

Discussion. "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an

3

error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501). See G. L. c. 30A, § 14 (7). "In reviewing SORB's decisions, we give due weight to the experience, technical competence, and specialized knowledge of the agency" (quotation and citation omitted). Doe No. 496501, supra.

Doe argues that the hearing examiner abused his discretion because he did not adequately explain how the applied risk-elevating factors outweighed the risk-mitigating factors. In particular, Doe asserts that the hearing examiner "gave very short shrift" to Doe's participation in sex offender treatment and his stability in the community. We are not persuaded.

"[T]o find that an offender warrants a level two classification, [SORB] must find by clear and convincing evidence that (1) the offender's risk of reoffense is moderate; (2) the offender's dangerousness is moderate; and (3) a public safety interest is served by Internet publication of the offender's registry information." Doe No. 496501, 482 Mass. at 656. Here, "the hearing examiner considered a wide range of factors that bore on Doe's risk of reoffense and degree of dangerousness, as well as the utility of public availability of Doe's information." Doe, Sex Offender Registry Board No. 23656

4

v. Sex Offender Registry Bd., 483 Mass. 131, 139 (2019) (Doe No. 23656).  The hearing examiner then made explicit determinations as to each of those three elements, supporting those determinations by specific findings tailored to Doe's case.  See Doe No. 496501, supra at 657.  We discern no error.

Also, "[a] hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor."  Doe, Sex Offender Registry Board No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014) (Doe No. 68549).  Substantial evidence supported the hearing examiner's finding that on multiple occasions, Doe vaginally and orally raped an extrafamilial victim beginning when she was thirteen years old, and that at least one of those rapes occurred in a public place, in a car while Doe was driving the victim to a restaurant.  See Doe No. 23656, 483 Mass. at 141 n.13.  The hearing examiner's application of high-risk factor 3 and risk-elevating factors 7, 16, and 19 was thus proper.

As to the risk-mitigating factors, the hearing examiner adequately considered the countervailing evidence before him, including Doe's participation in sex offender treatment, factor 32.  Doe testified that he found sex offender treatment to be "very self-enlightening," and it helped him identify "some

5

thinking errors that I have had, my personal being," but denied having committed a sex offense. Contrary to Doe's contention that the hearing examiner "blatantly ignore[d]" that testimony, the hearing examiner did consider it, and found, "[a]lthough [Doe] denies having committed a sexual offense, he finds the group helpful with dealing with other aspects of his life." Given that SORB's regulations state that an offender's "lack of responsibility or degree of minimization for their behaviors may diminish the weight assigned to factor 32," 803 Code Mass. Regs. § 1.33(32)(a)(4) (2016), it was within the hearing examiner's discretion to give minimal weight to factor 32. See Doe No. 68549, 470 Mass. at 109-110.

Based on a letter of support submitted by Doe's employer, the hearing examiner found that Doe "established stability in the community." Accordingly, the hearing examiner applied factor 34 and weighed it against the high-risk and risk-elevating factors in determining Doe's risk of reoffense. The weight to be assigned to those factors was within the hearing examiner's discretion and is entitled to deference. See Doe No. 68549, 470 Mass. at 109-110. Contrast Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 575-576 (2020) (hearing examiner engaged in "perfunctory effort" of weighing factors).

6

There was substantial evidence to support each element by clear and convincing evidence, and so we conclude there was no error in the hearing examiner's classification of Doe as a level two sex offender.  See Doe No. 23656, 483 Mass. at 146.

Judgment affirmed.

By the Court (Hand, Grant & Wood, JJ.[1]),

Clerk

Entered:  May 14, 2025.

---

[1] The panelists are listed in order of seniority.